TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Anne Erdman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne Erdman,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>National Credit Systems, Inc.; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Anne Erdman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Anne Erdman (hereafter "Plaintiff"), is an adult individual residing in Tucson, Arizona, 85704, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, National Credit Systems, Inc. (hereafter "NCS"), is a company with an address of 328 Alexander Street, Suite 10, Marietta, Georgia 30060, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NCS and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NCS for collection, or NCS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCS Engages in Harassment and Abusive Tactics

12. On or about November 20, 2014, NCS contacted Plaintiff in an attempt to collect the Debt.

13. Plaintiff initially advised NCS that she would make a payment. However, Plaintiff was unsure of who NCS was and was unsure of what the Debt was for; therefore, she asked that NCS sent her a letter via mail.

14. NCS advised Plaintiff that it was not going to send her anything in the mail and told Plaintiff that she needed to make a payment immediately in order to save her credit.

15. Plaintiff again informed NCS that she was not going to make a payment, as she needed to see something in writing.

16. NCS ended the call by telling Plaintiff that it hoped it was not too late to save her credit.

17. Thereafter, NCS sent Plaintiff a letter within five (5) days of the above, initial communication. However, NCS repeatedly overshadowed Plaintiff's right to dispute the Debt during the above, initial conversation, causing Plaintiff a great deal of frustration.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

20. Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

4

21. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants as follows:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

   B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

   C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

   D. Punitive damages; and

   E. Such other and further relief as may be just and proper.

5

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: December 11, 2014					LEMBERG LAW, LLC


							By: ___/s/  *Trinette G. Kent*___
							Trinette G. Kent

							Attorney for Plaintiff,
							Anne Erdman